David BROTZLER, et al., Appellants,

v.

Leon MOHR, Dave Ray, Respondents.

No. C7–85–1942.

Court of Appeals of Minnesota.

June 3, 1986.

Review Denied Aug. 13, 1986.

Jerrold M. Hartke, Hartke Law Firm, South St. Paul, for appellants.

M. Gene Henriksen, Minneapolis, for respondent Leon Mohr.

Anthony V. Wacker, Parker & Parker, Minneapolis, for respondent Dave Ray.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## MEMORANDUM OPINION

NIERENGARTEN, Judge.

This appeal is from judgment entered for money owed by appellant to respondent Leon Mohr for the care and feeding of horses. We affirm.

## FACTS

Appellants David Brotzler and Barbara Beckenbach entered into an oral agreement with respondent Leon Mohr to feed and board several horses owned by them. Under the agreement, Beckenbach was to pay one-sixth of the feed and veterinary expenses and Brotzler and Mohr were to split equally the remaining costs. The agreement also provided that Mohr was solely responsible for the boarding of the horses. In consideration for Mohr's agreement to board the horses and accept a share of the feeding and veterinary expenses, Brotzler and Beckenbach further agreed that one-half of the proceeds of the sale of three foals would be given to Mohr.

Mohr placed the horses on property owned by respondent Dave Ray. The boarding costs for each of the horses was $35.00 per month.

At trial the court found that Mohr agreed to pay the rent for boarding the horses on Ray's property, that Beckenbach was to pay one-sixth of the feed and veterinary expenses, and that Mohr and Brotzler were to split the remainder of the costs. It further found that Mohr was entitled to one-half of the proceeds received through the sale of the three foals owned by Brotzler and Beckenbach. From these findings the court made the following calculations:

### Judgment for Ray

| | | |
|---|---|---|
| Total feed and veterinary expenses and cash advances | | $10,172.00 |
| Beckenbach share | $ 1,695.00 | |
| Brotzler share | 4,283.50 | |
| Mohr share | 4,283.50 | |
| | $10,172.00 | $10,172.00 |

### Judgment for Mohr

| | |
|---|---|
| Total obligation of Brotzler and Beckenbach | $ 6,979.00 |
| Total furnished or paid by Brotzler and Beckenbach | 1,853.00 |
| | 5,126.00 |

| | |
|---|---|
| Less Rental | $ 4,515.00 |
| Brotzler and Beckenbach owe Mohr | 611.00 |

## ISSUE

Did the trial court err in the formula it used to determine that judgment be entered for Mohr against Brotzler and Beckenbach?

## ANALYSIS

Brotzler and Beckenbach contend the trial court erred in determining that Mohr was entitled to a judgment of $611.00 against them. Included in the $1,853 figure found by the court as monies spent by Brotzler and Beckenbach for feed and veterinary services was a $952.91 cash payment made directly by Brotzler to Mohr. Brotzler and Beckenbach claim this cash advance should have been computed as a set-off rather than as an addition to their obligation for feeding and veterinary expenses, the result of which would be a judgment to them of $990.20.

Where a trial court sitting without a jury makes findings of fact, an appellate court will not set aside those findings unless clearly erroneous. Minn.R.Civ.P. 52.01; *Murphy v. Country House, Inc.*, 349 N.W.2d 289, 293 (Minn.Ct.App.1984).

We are unable to determine whether Brotzler and Beckenbach's claim has any merit given the material available to this court for review. In their brief, Brotzler and Beckenbach refer to an "Exhibit A" which allegedly sets forth their calculations based on a deduction for the cash advance by Brotzler. Exhibit A is nowhere to be found. We cannot create something from nothing.

Based on the record presented, we conclude that the trial court's computations are not clearly erroneous and therefore must stand.

## DECISION

Affirmed.